11 BROWN, J.,
concurring.
After review, I would affirm the conviction and sentence. The maximum penalty would clearly have been justified for this defendant.
The 79-year-old victim was preparing to get into her car when defendant approached and blocked the door. Defendant told Ms. Walker, “don’t make me shoot you” and, after a brief struggle, took the elderly victim’s purse and fled the scene. Ms. Walker’s purse contained $1,000 in cash. Defendant committed the crime to buy crack cocaine. Defendant is a third felony offender with prior convictions for theft, simple burglary of an inhabited dwelling and conspiracy to distribute cocaine. Defendant received a substantial benefit from her plea bargain. Defendant could have been charged with first degree robbery and as a habitual offender. Her sentence is neither grossly out of proportion to the seriousness of the offense nor does it shock the sense of justice.
Louisiana’s constitution, as interpreted by the supreme court, grants a criminal defendant the right to have his sentence reviewed for excessiveness. See State v. Sepulvado, 367 So.2d 762 (La.1979), which states that although a sentence is within the statutory range, it may still violate a defendant’s right to be free from excessive punishment and is therefore subject to appellate review. By reason of the constitutional prohibition against cruel, excessive, or unusual punishment, the sentencing judge does not possess unbridled discretion to impose a penalty regardless of mitigating facts. Appellate review protects against an abuse of discretion. There is no legal or logical difference between a statutory range and an agreed to range. In both, the actual sentence is undetermined and left to the discretion of the court. By taking away the right to appeal as excessive a sentence that is derived from a sentencing range, La.C.Cr.P. art. 881.2(A)(2) grants the sentencing judge unbridled discretion and supplants the mandate of Article I, Section 20 of the Louisiana Constitution. Further, public order is best ^served by reviewing the sentence now rather than later and avoids the frivolous consequences of State v. Rice, supra.